

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00036-CR
## NO. 02-16-00037-CR

HEATH LINK HARVEY                            APPELLANT

V.

THE STATE OF TEXAS                          STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NOS. 1346644D, 1346645D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Heath Link Harvey entered open guilty pleas to aggravated robbery and unlawful possession of a firearm. *See* Tex. Penal Code Ann. §§ 29.03(a)(2), 46.04(a)(2) (West 2011). The trial court accepted Harvey's open pleas and sentenced him to fifteen years' confinement for aggravated robbery

---

[1]*See* Tex. R. App. P. 47.4.

and ten years' confinement for unlawful possession of a firearm, to run concurrently.  In one issue, Harvey argues that the trial court erred during the punishment phase by considering as evidence questions asked by the State on cross-examination and thereby deprived him of his due process and confrontation rights.  Because error is not reflected in the record before us concerning Harvey's issue, we will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2013, Harvey and Garrett Tubb went to a game room in Fort Worth.  They spoke with John Zimmerman, an employee of the game room, about performing potential construction work at the game room, and they looked around the premises ostensibly because of their interest in the construction work.  Harvey then went outside to his truck, came back inside, and asked to use the restroom.  Before heading to the restroom, Harvey asked Tubb, "Can we do this?"  Tubb answered, "Yes," and Harvey entered the restroom.  Harvey came out of the restroom holding a pistol, and Harvey and Tubb rushed at Zimmerman, picking him up and slamming him into a vending machine.

Harvey then dragged Zimmerman into a hallway and started searching him.  Harvey and Tubb also searched for the money kept by the game room, and they eventually found it in a lockbox.  Zimmerman managed to escape the game room, hiding behind the brick wall of a neighboring business.  When Harvey and Tubb emerged from the game room, Harvey fired several errant gunshots at

2

Zimmerman. Harvey and Tubb left the game room, having taken the lockbox of money, in addition to Zimmerman's keys, medicine, wallet, and gun.

Harvey was charged with aggravated robbery and unlawful possession of a firearm, and he entered open guilty pleas to both charges. At his sentencing hearing, no witness testified as to Harvey's motive for the robbery. After Harvey's sister testified that his actions at the game room were inconsistent with his normal behavior and with his character, the State asked her several questions on cross-examination regarding her knowledge of Harvey's motive for the robbery. The State's cross-examination of Harvey's sister included the following exchange:

> [State]: Are you aware that, in fact, he told the police that he planned this robbery?
>
> [Witness]: That he what?
>
> [State]: That he planned this robbery?
>
> [Witness]: I don't know.
>
> [State]: Okay. Are you aware that he told the police that the gun --
>
> [Defense Counsel]: Your Honor, I object.
>
> [State]: -- he used --
>
> [Defense Counsel]: I --
>
> [The Court]: Hang on. There is an objection. What's your legal objection?
>
> [Defense Counsel]: My legal objection is the State is asking these fact-loaded questions without a good faith basis to believe this witness knows the answer. There are -- they are trying to relay

3

evidence to the Court through their questions when they know that this witness does not have personal knowledge.

[The Court]: So what -- so what's your legal objection?

[Defense]: My legal objection is that this witness does not have personal knowledge.

[The Court]: I don't know whether she does or she doesn't. So she can answer the question. If she doesn't know, then she doesn't know.

[Defense]: And I also object that the State doesn't have any good faith basis to believe this witness knows the answers and required to have at least some --

[The Court]: Ha[s] [the State] had a chance to talk to this witness before?

[State]: Have I? No, Your Honor.

[The Court]: I'll give her a little leeway on it.

[State]: Your Honor, in response, I do want to say something. The defense attorney specifically asked her if he thought -- if she thought he was capable of these things, and I'm allowed to explore that, and so that's what I'm doing.

[The Court]: I've already ruled. Go ahead and ask it.

[State]: Thank you. So are you aware that he told the police that he himself planned this?

[Witness]: I'm not aware.

[State]: Are you aware that he told the police that he used a gun that he stole in a prior robbery?

[Defense]: Your Honor, I renew my objection. She knows that she wasn't present when the police interviewed my client, and there's nothing to make the State believe that she knows anything from the interview with the police.

4

[The Court]: I've already ruled. She can ask it, but let's don't make it -- this prolong too much.

[State]: Sure, Your Honor.

[The Court]: If she doesn't know anything, she doesn't know it.

[State]: Are you aware that your brother told the police the reason he did this robbery was because he had to pay Garrett Tubb back for the bond that Garrett Tubb made for him in an entirely different crime in Alvarado?

[Witness]: No, I'm not.

In announcing its sentence, the trial court briefly referenced the motive suggested in the State's questioning of Harvey's sister—that Harvey participated in the robbery to pay Tubb back for bond money that Tubb had paid on Harvey's behalf—even though no evidence existed that repayment of bond money was Harvey's motive. Specifically, the trial court stated,

THE COURT: All right. Court having considered all the evidence in this case, I have a couple of comments first, going against the advice of what they taught me in new judge's school.

Mr. Harvey, you did have chance after chance after chance -- please rise. You did have chance after chance after chance to turn your life around, and you haven't done really anything to do that. This is an aggravated robbery, and as they say, you know, when you commit an agg robbery, you are a trigger pull away from committing a capital murder. Apparently you tried to shoot at this guy over here. *I don't know why you did what you did. There is some allegation that you had to pay the codefendant back for a bond he made. That's about the sorriest reason for an agg robbery that I've ever seen, not that there is ever any good one,* but the thing that is most egregious to me in this case is that you have a good family around you. They care about you, they love you, and you just kind of have squandered that, hanging out with the codefendant. I don't know whether he is hanging out with you or you're hanging out with him. But you have a good family, and you have a daughter that loves you and cares

5

about you. Not only that, she is -- she is a physically challenged person, and you chose to go after this guy here who is also physically challenged. That's the thing that is most egregious to me.

So if you try this case to a jury, they are going to disappear you. They are going to give you about 35 to 45 years. I'm not going to do that today, because you do have some talent. So here is what I'm going to do.

In the case of 1346645D, upon your plea of guilty to the offense of unlawful possession of a firearm by a felon, I find you guilty and set your sentence at 10 years in the institutional division.

In Cause Number 1346644D styled The State of Texas versus Heath Link Harvey for the offense of aggravated robbery, upon your plea of guilty, I'll find you guilty and set your sentence at 15 years in the Institutional Division.

This is an open plea. You have a right to appeal this judgment. I'll ask your lawyer to stay on long enough to advise you of your appellate rights.

## III. ERROR IS NOT REFLECTED IN THE RECORD

In his sole issue, Harvey argues that "[t]he Judge's consideration of the State's questions as evidence deprived Mr. Harvey of his constitutional due course of law (due process) and confrontation rights." Harvey complains that the State introduced and the trial court considered unsworn, uncross-examined evidence through its cross-examination of his sister.

### A. The State's Questions Are Not Evidence

The law is well settled that questions asked by trial counsel are not evidence. *See e.g.*, *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007) (recognizing questions posed by attorney are not evidence); *Johnston v. State*, 230 S.W.3d 450, 456 n.6 (Tex. App.—Fort Worth 2007, no pet.) (refusing

6

attorney's question as evidence in sufficiency review because question was not evidence); *Wiggins v. State*, 778 S.W.2d 877, 890 (Tex. App.—Dallas 1989, pet. ref'd) ("[A]nswers, not questions, constitute evidence."); *Wells v. State*, 730 S.W.2d 782, 786 (Tex. App.—Dallas 1987, pet. ref'd) ("Questions put to a witness are not evidence."). Thus, the mere fact that the prosecutor here asked objected-to questions does not, in itself, inject any evidence into the record. *See Madden*, 242 S.W.3d at 509–10; *Johnston*, 230 S.W.3d at 456 n.6; *Wiggins*, 778 S.W.2d at 890; *Wells*, 730 S.W.2d at 786. It is the answers that inject evidence, and because the answers elicited here were of the "I don't know" and "I'm not aware" variety, no complained-of evidence was admitted. *See Madden*, 242 S.W.3d at 509–10; *Johnston*, 230 S.W.3d at 456 n.6; *Wiggins*, 778 S.W.2d at 890; *Wells*, 730 S.W.2d at 786.

## B. The Trial Court Did Not Consider the State's Questions as Evidence

The trial court's comments on the record before imposing sentence on Harvey indicate that it did not consider the State's questions as evidence. The italicized portion of the trial court's comments (which is the portion Harvey complains of on appeal) indicates that the trial court specifically stated that it didn't know why Harvey did what he did. The trial court recognized there was "an allegation," not evidence, that the reason for Harvey's conduct was to pay a codefendant back for a bond, which the trial court opined was a sorry reason. But the trial court further stated that no reason would be a good reason for Harvey's conduct. And further, the trial court discounted the importance of this

7

"allegation," instead focusing on the fact that Harvey victimized a physically challenged man when Harvey's own daughter is physically challenged and the fact that Harvey had a family who loved him. The trial court stated, "the thing that is most egregious to me in this case is that you have a good family around you," including a physically challenged daughter, and yet chose to "go after this guy here who is also physically challenged." Thus, the record shows that the trial court characterized the State's questions to Harvey's sister as an "allegation" and not that the trial court treated this allegation as evidence, especially in light of the entirety of the trial court's on-the-record comments to Harvey.

### C. No Due Process, Confrontation, or Substantial Rights Violations

Because the State's questions are not evidence, because the questions did not elicit any substantive answers, and because the trial court at most treated the questions posed to Harvey's sister by the State as an "allegation," no due process or Confrontation Clause violation occurred. *See Crawford v. Washington*, 541 U.S. 36, 56, 124 S. Ct. 1354, 1367 (2004) (holding confrontation rights attach only to prior testimonial statements); *Hill v. State*, No. 05-14-01445-CR, 2016 WL 1554932, at *7–8 (Tex. App.—Dallas Apr. 14, 2016, no pet.) (mem. op., not designated for publication) (holding no due process violation where trial judge, on-the-record, spoke aloud her mental processes by clarifying evidence relevant to her sentencing decision); *Youngblood v. State*, No. 05-93-01876-CR, 1996 WL 732414, at *1 (Tex. App.—Dallas Dec. 20, 1996, no pet.) (not designated for publication) (holding prosecutor's question during

8

punishment trial to court constituting unsuccessful attempt to elicit inadmissible testimony did not cause evidence to be admitted).  Harvey alternatively contends the State's questions to his sister deprived him of a substantial right, thus requiring reversal of his conviction.  Harvey, however, does not cite any authority for this proposition or explain how the type of error he alleges—unsworn, uncross-examined statements allegedly propounded through a cross-examination question itself—affects any substantial right.  Because the record before us reflects no error, no substantial right was affected.

We overrule Harvey's sole issue.

### IV. CONCLUSION

Having overruled Harvey's sole issue, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 30, 2017

9